

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-41,991-02

**EX PARTE MANSOME POWERS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CCC-18-15235A IN THE 52ND DISTRICT COURT
### FROM CORYELL COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault on a correctional officer and sentenced to four years' imprisonment.

Applicant contends his sentence should have discharged on December 1, 2018. The trial court made findings of fact and conclusions of law and determined that Applicant's sentence discharges on February 19, 2019, and that he is not being unlawfully held. This discharge date is not consistent, however, with the pre-sentence credit in the judgment.

Applicant has alleged facts that, if true, might entitle to relief. In these circumstances,

additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file a second affidavit stating whether Applicant's February 19, 2019 discharge date is correct given the pre-sentence credit in the judgment. The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's discharge date is correct based on the pre-sentence credit in the judgment. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 15 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 30 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed:        January 30, 2019
Do not publish